# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No.: 8:08-cr-126-CEH-SPF

CHRISTOPHER POWELL
_____/

## O R D E R

This cause comes before the Court upon Defendant Christopher Powell's Motion for Emergency Immediate Release Due to Extraordinary Circumstances Pursuant to 18 U.S.C. 3582(c)(1)(A) (Doc. 387). The Government responds in opposition (Doc. 389). Powell replies (Doc. 390) and supplements his reply (Doc. 391). Having considered these filings and being fully advised in the premises, the Court will deny the Motion for Emergency Immediate Release.

## I. BACKGROUND

Christopher Powell pleaded guilty to conspiring with other persons to possess with intent to distribute and to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana. Doc. 303 at 1, 307; *see also* Doc. 310 at 1. The Court adjudicated Powell guilty of Count One of the Superseding Indictment, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 841(b)(1)(A)(ii), and, on August 24, 2012, sentenced him to 300 months of imprisonment and 60 months of supervised release. Doc. 333 at 1–3. Later, the Court reduced Powell's sentence to 262 months of imprisonment. Doc. 373 at 1.

A 45-year-old male, Powell is currently incarcerated at FCI Coleman Low in Sumterville, Florida. Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last accessed Dec. 9, 2021). His scheduled release date is March 17, 2027. *Id.*

In the Motion for Emergency Immediate Release, Powell asks for the Court to release him to home confinement for the remainder of his sentence. Doc. 387 at 1. In support, he points to the "unprofessionalism of the case manager . . . to do her job in an unbiased manner." *Id.* at 2. He also claims that "positive outbreaks" have occurred throughout each dorm at FPC Montgomery—where Powell was incarcerated when he filed the Motion for Emergency Immediate Release—and that one person died. *Id.* at 2. He argues that COVID-19 testing at FPC Montgomery is insufficient and that the facility's medical staff is inadequate to prevent, care for, or contain COVID-19. *Id.* He also details his criminal history and plan for reentry into society. *Id.* at 3.

The Government opposes the Motion for Emergency Immediate Release. First, the Government argues that Powell did not exhaust his administrative remedies. Doc. 389 at 1–3. Second, the Government asserts that Powell fails to demonstrate extraordinary and compelling reasons warranting his release. *Id.* at 3–5. Third, the Government contends that Powell's request falls shorts because he fails to demonstrate that his release would not endanger the community. *Id.* at 5–8.

Replying to the Government's response in opposition, Powell highlights that an "outbreak" occurred at his facility and argues that the facility is ill-equipped to combat COVID-19. Doc. 390 at 1. He argues that his "ethnicity of being an African American,

2

[his] BMI, [and] having asthma and sinus conditions . . . add to the risk of [his] health and life." *Id.* He also contends that he is at "higher risk" as a result of his supervisor's age and race. *Id.* at 1–2. Finally, he supplements his reply with certain medical records (Doc. 391).

## II.  LEGAL STANDARDS

Under 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotation marks omitted). Limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

3

> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure;
>
> . . . .

18 U.S.C. § 3582(c)(1).

Accordingly, a court may reduce a sentence upon motion of a defendant, provided that: (A) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (B) the inmate has established extraordinary and compelling reasons for the requested sentence reduction; and (C) the reduction is consistent with the Sentencing Commission's policy statements. *Id.* § 3582(c)(1)(A). Courts must consider the § 3553(a) factors, as applicable, as part of the analysis. *Id.*

The defendant bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

### III.  DISCUSSION

#### A. Powell Failed to Exhaust His Administrative Remedies

Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the BOP prior to the filing of a motion for compassionate release. Under the statute, "a district court can reduce the term of imprisonment 'upon the motion of the defendant' only 'after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Thus, § 3582(c)(1)(A) "unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *Smith*, 482 F. Supp. 3d at 1223 (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, Powell sent his compassionate-release request to the warden on December 18, 2020. Doc. 387 at 1. The warden denied his request on December 21, 2020. *Id.* at 8. Less than 30 days after sending his request, Powell filed the Motion for Emergency Immediate Release. The record lacks any indication that Powell fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, and less than 30 days lapsed after the warden's receipt of his request before he filed the Motion for Emergency Immediate Release. Indeed, Powell concedes that he "panicked and abruptly" filed the Motion for Emergency Release. Doc. 390 at 1. As such, Powell did not exhaust his administrative remedies. Nonetheless, the analysis will proceed as if Powell exhausted his administrative remedies.

### B. Powell Does Not Establish Extraordinary and Compelling Reasons

Powell fails to demonstrate extraordinary and compelling reasons for his requested relief. Powell bears the burden of establishing that compassionate release is warranted. *Hamilton*, 715 F.3d at 337. Section 3582(c)(1), as amended by the First Step Act, provides, in relevant part, that a court may modify a term of imprisonment once it has been imposed in any case where, upon a defendant's motion, after considering the factors set forth in § 3553(a) to the extent that they are applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.7 18 U.S.C. § 3532(c)(1)(A); *see United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021) (identifying with brackets the three findings needed under § 3582(c)(1)(A) for compassionate release).

Thus, Powell must demonstrate that extraordinary and compelling reasons warrant the requested reduction. The application notes for Section 1B1.13—a policy statement from the Sentencing Commission concerning § 3582(c)(1)(A)—specify "four general categories of extraordinary and compelling reasons: medical, age, family, and a catch-all other reasons category." *Giron*, 15 F.4th at 1346 (internal quotation marks omitted) (citing *United States v. Bryant*, 996 F.3d 1243, 1249–50 (11th Cir. 2021)). Section 1B.13 is an applicable policy statement governing all motions filed—not only those filed by the Director of the BOP—under § 3582(c)(1)(A). *Bryant*, 996 F.3d at 1262. As such, a district court may not reduce a sentence under § 3582(c)(1)(A), unless a reduction is consistent with 1B1.13. *Id.* If the court finds that an extraordinary and compelling reason exists, "it must also determine that '[t]he defendant is not a danger to the safety of any other person or to the community' before granting compassionate release." *Giron*, 15 F.4th at 1346 (quoting U.S.S.G. § 1B1.13(2)).

i. *Powell's Medical Conditions*

Powell's medical conditions do not qualify as an extraordinary and compelling reason for his requested reduction. The application notes for "Medical Condition of the Defendant" under § 1B1.13 provide, in relevant part, that a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant: (1) suffers "from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)"; (2) suffers "from a serious physical or medical condition" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he

7

or she is not expected to recover"; (3) suffers "from a serious functional or cognitive impairment" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; or (4) experiences "deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

Stable, controlled medical conditions do not qualify as an extraordinary and compelling reason for a prisoner's compassionate release under § 1B1.13. *See United States v. Wedgeworth*, 837 F. App'x 738, 739–40 (11th Cir. 2020) (affirming the district court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability to provide self-care); *United States v. Alexander*, No. 3:17-cr-212-MMH-JBT, 2020 WL 7490088, at *2 (M.D. Fla. Dec. 21, 2020) (denying a defendant's motion for compassionate release where the defendant, who suffered from diabetes, high blood pressure, and "mental problems," acknowledged that he was prescribed medication to manage those conditions and no evidence demonstrated that his conditions posed a risk of death or grave harm or otherwise impaired his ability to provide self-care in the prison).

Here, Powell does not identify any medical problem in the Motion for Emergency for Immediate Release. In his reply, he cites to his race, his BMI, his asthma, and his sinus conditions, as well as the race and age of his supervisor. But not

8

one of these reasons qualifies as a terminal illness, a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which he is not expected to recover, a serious functional or cognitive impairment that substantially diminishes his ability to provide self-care and from which he is not expected to recover, or an experience showing deteriorating physical or mental health as a result of the aging process that substantially diminishes his ability to provide self-care and from which he is not expected to recover.

Powell supplements his reply with medical records dating back several years, which indicate medical conditions such as benign hypertension and acute bronchitis. But he fails to argue that any specific medical condition in the records qualifies as an extraordinary and compelling reason. The records also do not show that any of these conditions constitutes a terminal illness, a serious physical or medical condition diminishing his ability to provide self-care and from which he is not expected to recover, or any of the conditions in the other categories under the application notes for "Medical Condition of the Defendant" under § 1B1.13. Finally, in his e-mail to the warden, Powell stated that he was classified as "medically vulnerable" by the head of his prison's medical service, but he fails to explain the basis for this classification. For these reasons, Powell fails to establish that his medical conditions qualify as an extraordinary and compelling reason for his requested reduction.

      ii. *Remaining Reasons*

Powell offers other reasons for his requested reduction, none of which fall under the "age," "family," or "medical" categories of extraordinary and compelling reasons.

9

As such, the Court turns to the "catch-all" category. Even when considered independently from, or in combination with, the grounds discussed above, Powell fails to demonstrate extraordinary and compelling reasons for a reduction under this category.

The fourth category, described as a "catch-all" provision, applies when, "[*a*]*s determined by the Director of the Bureau of Prisons*, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n.1(D) (emphasis added). "This language preclude[s] district courts from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13." *Giron*, 15 F.4th at 1347 (citing *Bryant*, 996 F.3d at 1263–65). Indeed, the Sentencing Reform Act "did not put district courts in charge of determining what would qualify as extraordinary and compelling reasons that might justify reducing a prisoner's sentence." *Bryant*, 996 F.3d at 1249. Thus, courts lack the freedom to define "extraordinary and compelling reasons." *Id.* at 1264.

Powell's arguments that conditions at FPC Montgomery warrant his release are unavailing. Powell is now incarcerated at FCI Coleman Low. FCI Coleman Low has no confirmed cases among inmates and only one confirmed case among staff. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last accessed Dec. 9, 2021). Only one inmate and one staff member have died from COVID-19 at FCI Coleman Low. *Id.* 403 prisoners at FCI Coleman Low have recovered from COVID-19. *Id.* At FCC Coleman generally, 5,038 prisoners and 797

staff members are fully vaccinated.[1] *Id.* Powell does not point to any determination by the Director of the BOP that the conditions at FCI Coleman Low constitute extraordinary and compelling reasons under the catch-all provision. Similarly, although Powell contends that his medical conditions place him at a higher risk of contracting COVID-19, he fails to point to any determination by the Director of the BOP that a greater risk of fatality upon possible contracting constitutes an extraordinary and compelling reason. To the extent that Powell relies upon the existence of COVID-19 and the possibility that the virus may spread, that basis does not qualify as an extraordinary and compelling reason. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (stating that "the mere existence of COVID-19 and the possibility it may spread to a particular prison" does not qualify as an extraordinary and compelling reason for compassionate release). Finally, none of Powell's remaining bases, such as his prior work among civilians at FPC Montgomery, qualifies as an extraordinary and compelling reason under the catch-all provision.

Therefore, Powell fails to demonstrate extraordinary and compelling reasons for his requested reduction. Because Powell fails to establish extraordinary and compelling reasons for his requested reduction, the Court need not analyze the § 3553(a) factors. *Giron*, 15 F.4th at 1347 ("When denying a request for compassionate release, a district court need not analyze the § 3553(a) factors if it finds either that no

---

[1] Likewise, FPC Montgomery has no confirmed cases among inmates and only one confirmed case among staff; no inmates or staff have died from COVID-19; 44 prisoners have recovered from COVID-19; and 400 prisoners and 85 staff members are fully vaccinated. https://www.bop.gov/coronavirus/ (last accessed Dec. 9, 2021).

extraordinary and compelling reason exists or that the defendant is a danger to the public."); *see Bryant*, 996 F.3d at 1254 ("So to apply 1B1.13, a court simply considers a defendant's specific circumstances, decides if he is dangerous, and determines if the circumstances meet any of the four reasons that could make him eligible for a reduction. If he is dangerous or if his circumstances do not match any of the four categories, then he is ineligible for a reduction. If he is not dangerous and his circumstances fit into an approved category, then he is eligible, and the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted."). Nonetheless, the Court will proceed to analyze the § 3553 factors.

### C. Section 3553(a) Factors Do Not Counsel in Favor of Release

Even if Powell could establish an extraordinary and compelling reason, the Court must find that he would not be a danger to the safety of any person or the community and that consideration of the § 3553(a) factors counsel in favor of release. *See* USSG § 1B1.13(2). According to Powell, his criminal history is nonviolent, he has been incarcerated for twelve and one-half years without any violence to prison staff or other inmates, he has worked among civilians, and he has "worked [his] way down from a U.S. penitentiary to a Federal Camp." Doc. 387 at 3; Doc. 390 at 1.

Upon consideration of the § 3553(a) factors, the Court cannot say that the factors counsel in favor of release. Among other reasons, the offense involved a significant quantity of drugs. Further, the sentence imposed reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence, and protects the public from further crimes by Powell. *See*

*United States v. Moss*, No. 21-10635, 2021 WL 3179685, at *2 (11th Cir. July 28, 2021) ("The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court . . . . A district court abuses its discretion when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors.") (internal quotation marks omitted).

## IV.  CONCLUSION

Powell did not exhaust his administrative remedies, he fails to demonstrate extraordinary and compelling reasons for his requested reduction, and the § 3553(a) factors do not counsel in his favor.

Finally, to the extent that Powell asks for home confinement, the Court denies that request. Generally, once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarcerate to serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . . [b]ut decisionmaking authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment . . . ."); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."). Thus, to the extent that he seeks home confinement, the Court denies that request.

Accordingly, it is **ORDERED**:

1. Defendant Christopher Powell's Motion for Emergency Immediate Release Due to Extraordinary Circumstances Pursuant to 18 U.S.C. 3582(c)(1)(A) (Doc. 387) is **DENIED**.

2. The Clerk is directed to mail a copy of this order to Powell at his current address, FCI Coleman Low, 846 NE 54th Terrace, Sumterville, Florida 33521.

**DONE AND ORDERED** in Tampa, Florida on December 9, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any